## JAMES R. NUGENT

*v.*

## STUART LINDSLEY et al.

[Decided August 15th, 1920.]

1. Equity has no jurisdiction over a bill to remove a cloud from a title where neither party was in actual possession of the land, and each claimed constructive possession by virtue of his paper title. The question to be determined is the ownership of the legal title which is a purely legal question, and must be tried at law.

2. A bill to quiet title will not be dismissed merely because the controverted question is the ownership of the legal title. The complainant will be given an opportunity to establish his legal title by an action at law.

On bill, &c.

*Mr. James R. Nugent, pro se.*

*Mr. Herbert Boggs,* for the defendants.

BACKES, V. C.

This motion is to dismiss the bill for want of jurisdiction. It is made as on final hearing in advance of the trial. The answer challenges the jurisdiction.

The bill is ostensibly to remove a cloud—a mortgage—from the title to lands. The land is part of the Great Meadows in Newark. In 1804 the title and possession were in Methuselah and Nehemiah Baldwin. Nugent, the complainant, claims under an apparently perfect chain of title from the heirs of Methuselah and Nehemiah. In 1820 Nehemiah Baldwin mortgaged the whole estate to Nathaniel Camp to secure $175, although, according to the record, he owned only a half interest. Camp, by deed made in 1822, conveyed the land to Samuel Pennington. Pennington's heirs-at-law, in 1918, conveyed to

the defendant Lindsley. The bill charges that the mortgage has been satisfied, and seeks cancellation. It further charges that the conveyances from Camp to Pennington and from Pennington's heirs to Lindsley, although in form deeds, were but assignments of the mortgage, and prays that they may be so decreed. The answer avers that after Nehemiah Baldwin mortgaged to Camp, he conveyed the premises by a deed which is not recorded; that Camp conveyed a fee to Pennington which the latter's heirs conveyed to the defendant Lindsley. It is further set up that Camp and Pennington were in peaceable possession for more than twenty years, and by reason of the mortgage, Camp and Pennington, and the defendant Lindsley, acquired and possessed, and the defendant now possesses, an estate in fee-simple.

The complainant, Nugent, and the defendant Lindsley, each claim to be the possessor of the legal title. Neither is in actual possession. Each claims constructive possession by virtue of his paper title. Plainly, then, the question to be determined— the ownership of the legal title—is purely a legal one and must be tried at law. *Sheppard* v. *Nixon, 43 N. J. Eq. 627.*

The bill is not, however, to be dismissed for that reason. It will be dismissed unless the complainant begins a suit in ejectment within thirty days, and prosecutes it diligently. *Essex Co. National Bank* v. *Harrison, 57 N. J. Eq. 91.* If the complainant succeeds in establishing his title and right to possession, the mortgage and the deeds will still be a cloud upon his title and he will be then entitled to have them obliterated.

NOTE.—In that event an administrator *ad pros.* of Camp ought to be made a party defendant; or if the deeds are then to be declared assignments of the mortgage an administrator *ad pros.* of Pennington should be joined.